OPINION
{¶ 1} Appellant George Swogger appeals from his conviction for driving under an FRA suspension in the Canton Municipal Court, Stark County. The relevant facts leading to this appeal are as follows.
 {¶ 2} On the evening of September 22, 2005, Officer Lester Marino of the Canton Police Department was standing near his cruiser outside the headquarters entrance behind Canton City Hall. Marino observed a 1986 Chevrolet Astro van drive by on Third Street S.W. As the vehicle proceeded past him, he heard the driver call out a lewd question to a female pedestrian who was exiting a nearby law office. Marino decided to follow the van in his cruiser. He soon observed the van run a red light, following which the vehicle came to a stop near Third Street and Walnut Avenue S.E.
 {¶ 3} Marino thereupon saw appellant move to the back seat. Following the arrival of a back-up officer, appellant was removed from the vehicle. Marino observed that appellant appeared intoxicated. Marino also ran a check on appellant's driver's license and determined it had been suspended. He also discovered the van's plates were registered to another vehicle.
 {¶ 4} Appellant was thereupon charged with operating a motor vehicle under an FRA suspension, illegal use of license plates, and disobeying a traffic control device, all in violation of the Canton Codified Ordinances. The matter proceeded to a jury trial on November 2, 2005 on the charge of operating under an FRA suspension and illegal use of plates. The jury found appellant guilty on the former charge, but not guilty on the latter. The court sentenced appellant 180 days in jail plus court costs, and further suspended his license for 365 days. In addition, the court conducted a bench trial on the traffic control device charge, resulting in a guilty finding and a sentence of court costs.
 {¶ 5} Appellant filed a notice of appeal on December 1, 2005. He herein raises the following sole Assignment of Error:
 {¶ 6} "I. THE TRIAL COURT ERRED WHEN IT ENTERED A JUDGMENT OF CONVICTION AGAINST APPELLANT ON THE CHARGE OF DRIVING UNDER FRA SUSPENSION BECAUSE THE JURY'S FINDING OF GUILT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 I. {¶ 7} In his sole Assignment of Error, appellant contends his conviction for driving on an FRA suspension is against the manifest weight of the evidence. We disagree.
 {¶ 8} Our standard of review on a manifest weight challenge to a criminal conviction is stated as follows: "The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Martin (1983), 20 Ohio App.3d 172, 175,485 N.E.2d 717. See also, State v. Thompkins (1997),78 Ohio St.3d 380, 678 N.E.2d 541. The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." Martin at 175,485 N.E.2d 717.
 {¶ 9} At trial, the State called Kathy Pritchard of the Ohio Bureau of Motor Vehicles, who testified that appellant's operating privileges have been suspended since July 1999. Tr. at 25. Appellant's present arguments center on the issue of the identity of the driver of the Astro van, which the jurors concluded was appellant. The record indicates Officer Marino recalled being just fifteen feet from the van when he heard the lewd comments being made to the female bystander. Tr. at 15. Marino had a "clear view of the driver," who was wearing a yellow tank top, and he identified him at trial as appellant. Tr. at 15-16, 23. It was admittedly dark outside that evening, but Marino noted the area behind the station utilizes street lights. Tr. at 23. Marino testified he followed the van several blocks to Walnut Avenue, during which time the van proceeded through a red traffic light at Market Avenue South. Tr. at 16. When the van stopped near Walnut, the officer flipped up his cruiser's spotlight and saw appellant "climbing into the backseat of the van at that point." Id. Marino also observed another male in the van. Tr. at 24.
 {¶ 10} Appellant, however, testified at trial that he was a mere passenger in the back seat on the evening in question, and that he never would have driven that particular vehicle. Tr. at 30-31. Appellant named co-worker Art Walker as the driver, theorizing that Officer Marino saw appellant "jump up" in reaction to Art's announcement that a "cop" was behind the van. Tr. at 29, 32. Appellant conceded he had been drinking that evening. Tr. at 32.
 {¶ 11} The officer's dashboard camera was not utilized in this incident. Tr. at 21. Appellant urges that the officer became confused regarding the identity of the driver at the stop due to the darkness and the contrasting vividness of appellant's yellow shirt. However, upon review of the record, we are unpersuaded the jury clearly lost its way and that the verdict led to a manifest miscarriage of justice. We hold the jury's verdict was not against the manifest weight of the evidence.
 {¶ 12} Appellant's sole Assignment of Error is overruled.
 {¶ 13} For the reasons stated in the foregoing opinion, the decision of the Canton Municipal Court, Stark County, Ohio, is hereby affirmed.
By: Wise, P.J. Gwin, J., and Hoffman, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Canton Municipal Court, Stark County, Ohio, is affirmed. Costs to appellant.